United States District Court
Southern District of Texas
**ENTERED**
August 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELE KALIDU, (#A078797937) | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION H-16-1450 |
| LORETTA E. LYNCH, et. al, | § § § | |
| Respondents. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner Wele Kalidu (#A078797937) filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued confinement by the United States immigration officials. The respondents filed a motion to dismiss the petition as moot because Kalidu has been released from custody. (Docket Entry No. 13). After considering all of the pleadings in the record, the court grants the respondents' motion and dismisses this case as moot for reasons set forth below.

I.   Background

Kalidu is a native and citizen of Mauritania. A removal order was entered on March 13, 2008. Kalidu alleges that he was taken into ICE custody on November 18, 2015. Kalidu states that he provided relevant information to ICE officials regarding his date of birth, place of birth, as well as fingerprints and photographs needed to obtain travel documents. Kalidu asserts that he should be released from detention immediately because there is no reasonable likelihood of his removal in the foreseeable future. He states that the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, formerly the Immigration and Naturalization Service, is detaining him illegally.

In May 2016, Kalidu filed the pending petition for a federal writ of habeas corpus on the grounds that his continued confinement for longer than six months was unreasonable and that his release was required by *Zadvydas v. Davis,* 533 U.S. 678 (2001).

**II.   Analysis**

In *Zadvydas,* the Supreme Court held that indefinite detention of removable aliens raises serious constitutional concerns. 533 U.S. at 682. Generally, the Attorney General is afforded a 90-day period after a removal order becomes final to effect the alien's departure. Title 8 U.S.C. Section 1231(a)(1)(A)-(B). An alien may be detained beyond this period under certain circumstances. Title 8 U.S.C. Section 1231(a)(6). Detention may extend beyond the specified time for a "period reasonably necessary to secure removal." *Zadvydas,* 533 U.S. at 699. If removal is not reasonably foreseeable, continued detention is constitutionally unreasonable. *Id.* at 699-700.

The Supreme Court recognized a presumptively reasonable period of detention of 6 months. *Zadvydas,* 533 U.S. at 701. After that period, once the alien provides good reason to believe that there is no significant likelihood of removal in the foreseeable future, the government must respond with evidence sufficient to rebut that showing. *Id.* Establishment of a 6-month presumptive period does not require the release of every alien not removed within 6 months. *Id.* An alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* The respondents have presented evidence that Kalidu was released from custody on May 23, 2016. (Docket Entry No. 13-2, pp. 1-2). The respondents argue that Kalidu's release from custody renders his habeas corpus petition moot.

Article III, Section 2, of the Constitution extends the "judicial Power" of the United States to actual "Cases" and "Controversies." A case is moot when the issues presented are no longer 'live'

or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack,* 395 U.S. 486, 496 (1969). In order to establish a case or controversy sufficient to give a federal court jurisdiction over their claims, plaintiffs must satisfy three criteria: first, they must show that they have suffered, or are about to suffer, an injury in fact; second, there must be a causal connection between the injury and the conduct complained of; third, it must be likely, as opposed to mere speculation, that the injury will be redressed by a favorable decision. *Okpalobi v. Foster,* 244 F.3d 405, 425 (5th Cir. 2001). If any one of these three elements - injury, causation, and redressability - is absent, plaintiffs have no standing in federal court under Article III of the Constitution to assert their claim. *Id.*

In this federal petition, Kalidu argued that his continued confinement for longer than six months was unreasonable and that his release was required by *Zadvydas v. Davis.* (Docket Entry No. 1, pp. 4-5). By his release, Kalidu has been granted all of the relief he has requested and to which he is entitled. The court finds that this case is moot and should be dismissed.

**III.    Conclusion**

Respondents' Motion to Dismiss, (Docket Entry No. 13), is GRANTED. Kalidu's petition for a writ of habeas corpus is DENIED. This case is DISMISSED as moot. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When

the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Kalidu has not made the showing necessary for issuance of a COA.

SIGNED at Houston, Texas, on _Aug. 26_, 2016.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE